UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BELMERE, L.P.                                                    CIVIL ACTION

VERSUS                                                           NO: 22-2689

STEADFAST INSURANCE COMPANY                                      SECTION: "A" (4)

### ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment on Plaintiff's Claims for Bad Faith Damages (Rec. Doc. 50)**, filed by Defendant Steadfast Insurance Company ("Steadfast") and opposed by Plaintiff Belmere, L.P. ("Belmere").[1] This order and reasons assumes familiarity with this first-party insurance case and recounts only those facts strictly necessary to resolve the pending motion. In short: the case arises from Belmere's claim that Steadfast failed to timely and adequately pay it proceeds due under its commercial lines policy after Belmere invested $26 million of its own funds to repair a 249-unit apartment complex in Houma, Louisiana that it alleges suffered "catastrophic damage" during Hurricane Ida.[2] Through its lawsuit, Belmere seeks (i) additional coverage under its policy with Steadfast, and (ii) penalties, attorneys' fees, and interest for Steadfast's alleged bad faith. *See* La. R.S. 22:1892 and 22:1973.

A five-day jury trial is set to start on Monday, July 28, 2025. Ahead of the trial, Steadfast filed the instant Motion for Partial Summary Judgment on Plaintiff's Claims for Bad Faith Damages (Rec. Doc. 50) and a Motion in Limine to Exclude Experts Byron Earls and Christopher

---

[1] The motion, noticed for submission on June 11, 2025, is considered on the briefs and without oral argument.

[2] *See generally* Rec. Doc. 61.

Lipp (Rec. Doc. 51).³ For the following reasons, Steadfast's motion for summary judgment is denied.

### I. Legal Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in its favor. *Anderson*, 477 U.S. at 249 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). All

---

³ The Court will consider the motion in limine in a separate order.

reasonable inferences are drawn in favor of the nonmoving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## II.  Pending Motion

The pending motion seeks dismissal of Belmere's bad faith allegations, which Steadfast asserts encompass Belmere's business income and property damage claims.[4] But as clarified in Belmere's opposition, it is not seeking bad faith penalties with respect to its business income claim.[5] Accordingly, the Court limits its analysis to considering whether summary judgment is proper as to the property damage bad faith claim, and ultimately finds that it is not.

Steadfast argues that it did not act in bad faith by refusing to pay Belmere's insurance claim for the following reasons. First, "Steadfast expeditiously sent its consultants to inspect the Property and promptly reviewed any receipts, invoices, etc. to determine whether the repairs were actually made, were sufficient and warranted, and related to Hurricane Ida damages."[6] Second, Belmere failed to submit sufficient documentation evidencing necessary repair costs.[7] Third, "there is a legitimate dispute as to the cause and extent of the loss," which relieved Steadfast from any obligation to pay for the losses determined by Belmere's building consultants.[8] And fourth, "[i]n rejecting coverage for damages pre-existing and unrelated to Hurricane Ida, Steadfast was within its rights to rely on its experts and the Policy language."[9]

---

[4] Rec. Doc. 50-1, at ii.

[5] Rec. Doc. 61, at 1.

[6] Rec. Doc. 50-1, at 27–28.

[7] Rec. Doc. 50-1, at 28.

[8] Rec. Doc. 50-1, at 28.

[9] Rec. Doc. 50-1, at 28.

Steadfast offers three cases in support of the aforementioned arguments. They are: *2715 Marieetta, LLC v. Axis Surplus Inc. Co.*, No. 22-2392, 2023 WL 8773747 (E.D. La. Dec. 19, 2023) (Ashe, J.); *Bellina v. Liberty Mut. Ins. Co.*, No. 19-13711, 2021 WL 1295018 (E.D. La. April 7, 2021) (Vance, J.); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350 (5th Cir. 2010). The Court has reviewed the two district Court cases and finds that they are factually dissimilar from

### III. Law & Analysis

Louisiana Revised Statute 22:1892 (formerly La. R.S. 22:658) makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith handling of a claim.[10] To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay was "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, the former Louisiana Revised Statute § 22:1973(B)(5)—which was still controlling law at the time this lawsuit commenced—provided for an award of penalties when an insurer failed to pay within 60 days and that failure was "arbitrary, capricious, or without probable cause."[11]

Louisiana has adopted liberal rules concerning the lack of formality relative to proof of loss. *La. Bag Co., Inc. v. Audubon Indem. Co.*, 08–0453 (La. 12/2/08), 999 So.2d 1104, 1119; *Sevier v. U.S. Fidelity & Guar. Co.*, 497 So.2d 1380, 1384 (La. 1986); *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 739 (5th Cir. 2010). As long as the insurer obtains sufficient information to act on the claim, the manner in which it obtains the information is immaterial. *Sevier*, 497 So.2d at 1384. Thus, a satisfactory proof of loss occurs when the insurer has adequate knowledge of the loss. *Versai*, 597 F.3d at 739. Whether and when a satisfactory proof of loss was received is a question of fact. *Boudreaux v. State Farm Mut. Auto. Ins. Co.*, 04–1339 (La.App. 4 Cir. 2/2/05), 896 So.2d 230, 236.

---

the instant case and, as such, unpersuasive. Regarding the Fifth Circuit decision, the Court finds that its holdings are unrelated to the present issues.

[10] Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991).

[11] Louisiana's bad faith statutes were amended in 2024. As a result of the amendments, Louisiana Revised Statute 22:1973 was repealed. *See* La. R.S. 22:1892. The provisions of the 2024 amendments apply to the policies of property insurance issued, delivered, or renewed on or after January 1, 2025. The Court considers the law as it stood in 2021.

But statutory penalties are inappropriate when (i) the insurer has a reasonable basis to defend the claim, and (ii) it was acting in good-faith reliance on that defense. *Block v. St. Paul Fire & Marine Ins. Co.*, 32,306 (La.App. 2 Cir. 9/22/99), 742 So.2d 746, 752. This holds true where the extent and causation of a claim leads the insurer to reasonable and legitimate questions. *Id.* In other words, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist. *Id.* In order for an insurer to avoid being arbitrary or capricious after receiving a satisfactory proof of loss, it is necessary for the insurer to determine whether there exists a legitimate basis for not paying at least what it considers to be undisputed. *Reed v. State Farm Mut. Auto. Ins. Co.*, 03–0107 (La. 10/21/03), 857 So.2d 1012, 1022.

> The determination of whether an insurer acted in bad faith turns on the facts and circumstances of each case. This is because a prerequisite to any recovery under the statute is a finding that the insurer not only acted (or failed to act), but did so, arbitrarily, capriciously, and without probable cause. As this determination is largely factual, great deference must be accorded the trier-of-fact.

*Block*, 742 So.2d at 752.

In the present case, an assessment of just a fraction of the numerous material facts presenting genuine issues makes clear that summary judgment is improper. Consider, for example, the following evidence (supported by the summary judgment record) that Belmere has presented to defeat summary judgment.[12] On December 6, 2021, Belmere submitted to Steadfast a repair estimate generated by its consultant amounting to $17,593,280.00—establishing proof of loss

---

[12] The following facts are "material" in this case in that the governing substantive law identifies them as having the *potential* to affect the outcome of the suit, *Anderson*, 477 U.S. at 248; but the parties should not construe the Court's recitation of these material facts as exclusive findings for the purpose of the bad faith analysis. In other words, Belmere is free to argue at trial that Steadfast received satisfactory proof of loss prior to (or later than) December 6, 2021, and Steadfast may freely argue that satisfactory proof of loss was never received or received on a date earlier or later than December 6, 2021. The purpose of their recitation here is merely to show that the case for Belmere to defeat summary judgment may be simply made given the straightforward analysis set forth by Louisiana law and the requirement imposed on this Court that it draw all reasonable inferences in the non-movant's favor when considering a motion for summary judgment. *Little*, 37 F.3d at 1075.

under the liberal approach adopted by Louisiana courts.[13] On February 19, 2022—75 days after it received proof of loss—Steadfast provided Belmere with a copy of the building estimates it generated and a statement of loss valuing the total loss at $13,178,670.58.[14] And on February 28, 2022—84 days after it was provided with proof of loss (a period nearly three times longer than the 30 days prescribed by La. R.S. 22:1892, and more than three weeks beyond the 60 days prescribed by La. R.S. 22:1973)—Steadfast issued its final payment of $6,971,410.00, making the total amount paid to Belmere $9,874,410.00.[15] Thus, in drawing all reasonable inferences in favor of Belmere as the nonmovant, it has set forth facts establishing the first two elements of La. R.S. 22:1892, *i.e.*, that Steadfast (1) received satisfactory proof of loss and (2) failed to tender payment within 30 days of receiving proof of loss. *See* La. R.S. 22:1892. It has likewise established the 60-day period under La. R.S. 22:1973.

The remaining element under the bad faith frameworks pursuant to both statutes—whether Steadfast's failure to pay was "arbitrary, capricious, or without probable cause," *Guillory*, 16 So.3d at 1126—has also been sufficiently addressed to overcome summary judgment. As previously noted, where a portion of a claim is undisputed, the insurer must timely tender the undisputed portion of proceeds. *Reed*, 857 So.2d at 1022. And, as the Louisiana Supreme Court has explained, "an insurer who fails to pay said undisputed amounts has acted in a manner that is, <u>by definition</u>, arbitrary, capricious or without probable cause." *La. Bag Co.*, 999 So.2d at 1120 (emphasis added). In support of its contention that Steadfast's inaction was arbitrary, capricious, or without probable cause, Belmere argues as follows:

---

[13] Rec. Doc. 61, at 4; *La. Bag Co.*, 999 So.2d at 1119–20.

[14] Rec. Doc. 61, at 5.

[15] *See* Rec. Doc. 61, at 5.

> But Steadfast's untimely payment is even more cut and dry. Its own consultant's report affirms that it did in fact receive undisputed damage reports from its consultant MKA, yet it failed to timely act on them. As of December 28, 2021 MKA had "published an updated scope of work in the amount of $12,200,031.86" and provided it to Steadfast for its review. While this scope of work "still excluded the roof costs," Steadfast has offered no explanation for its failure to immediately tender an additional payment based on this amount. Then, on January 7, 2022, MKA "updated the scope of work to encompass the full cost of roof replacement, except for the Mail Kiosk and the pool estimates, in the amount of $13,214,201.56." Yet, once again no payment was made[.] MKA made its final update to the scope of work on February 2, 2022. Finally, on February 19, 2022—nearly six months after the date of the loss—Steadfast provided Belmere with a copy of the MKA building estimates and statement of loss. Yet it still did not make [an] additional ACV payment until February 28, 2022—62 days after it received the December 28 scope of work, and 52 days after it received the January 7 scope of work. This unjustifiable delay in payment for the undisputed portions of the loss is bad faith.

Rec. Doc. 61, at 15–16.

The Court acknowledges that Steadfast may have legitimate doubts regarding the causation and extent of Belmere's claim;[16] however, Belmere has established that a jury may very well find that Steadfast acted arbitrarily, capriciously, and/or without probable cause when it did not timely pay undisputed portions of the claim.

Accordingly;

**IT IS ORDERED** that Steadfast's **Motion for Partial Summary Judgment on Plaintiff's Claims for Bad Faith Damages (Rec. Doc. 50)** is **DENIED**.

June 30, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[16] *See, e.g.*, Rec. Doc. 50-1, at 15, 16, 18, 19.